# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY R. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 17-216-R |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Charles Goodwin for preliminary review. On April 4, 4017, Judge Goodwin issued a Report and Recommendation wherein he recommended the petition be dismissed. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Cognizant of its obligation and granting Petitioner's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds as follows.

Judge Goodwin recommends dismissal of the instant petition as second and successive, as it appears Petitioner is once again attempting to challenge his conviction in *State v. Campbell*, Case No. CF-1978-2706. See *Campbell v. Cowley*, CIV-92-2413-T (granting motion to dismiss petition as successive and abuse of the writ); *Campbell v. Bear*,

Case No. CIV-16-526-R (Doc. No.11)(dismissing petition under 28 U.S.C. § 2254(b)(3)(A) as successive); *Campbell v. Bear*, Case No. CIV-16-530-R (Doc. No. 8)(dismissing petition under 28 U.S.C. § 2254(b)(3)(A) as successive). Judge Goodwin concludes in the Report and Recommendation that this case, and the four additional cases filed by Petitioner at the same time, are also successive, which leaves the Court without jurisdiction to consider the merits of Petitioner's claims, because he has not obtained leave to file the petitions from the United States Court of Appeals for the Tenth Circuit. Petitioner filed a single objection to the Report and Recommendations issued in each of his cases. Therein, in keeping with his history, he includes on the pages of the objection various equations using numbers and letters that render the documents nearly illegible and difficult to construe. However, the Court's efforts reveal no basis in the objection for rejection of the Report and Recommendation and its conclusion that this Court lacks jurisdiction over the petition filed herein. At page 7 of the objection, Mr. Campbell requests that the Court forward all five petitions to the Tenth Circuit to be heard or to the Supreme Court in Washington, D.C. He does not, however, address the successive nature of this action or request that it be transferred to the Circuit for purposes of seeking authorization to proceed. To the extent the Petition could be interpreted as raising claims regarding Mr. Campbell's conditions of confinement, the Court declines now, as it has in the past, to convert the claims because Mr. Campbell has not utilized the proper form nor paid the appropriate filing fee.

For the reasons set forth herein, the Report and Recommendation (Doc. No. 8) is hereby **ADOPTED** and this action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 19th day of April 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE